# Alexander S. Truman
## v.
## Hugo H. Duerselen.

*Partnership—Dissolution—Pleading.*

1. The rules of pleading require that claims, to be maintained, be clearly stated.

2. Upon a bill filed for the dissolution of an alleged partnership, the appointment of a receiver and an accounting, this court holds that the parties herein were to share the profits of the business equally; that complainant owned no interest in the stock and fixtures and that the decree in his favor can not stand.

[Opinion filed January 16, 1891.]

Appeal from the Circuit Court of Cook County; the Hon. Lorin C. Collins, Judge, presiding.

Mr. James Lane Allen, for appellant.

Lindley, Story and Parsons all declare that the existence of a partnership is a matter of fact; what it is, a matter of law. That whether an agreement constitutes a partnership or not depends on the real intention of the parties to it. This intention must be ascertained from their words and conduct. Par-

sons on Partn'p, Chap. V, p. *58; Lindley on Partn'p, Chap.
1, p. *10.  Also, that admissions made by a party are evidence
of the facts stated against him.  Lindley, etc., Chap. 4, p. *22.
These rules of evidence and law I beg may be applied in this
case.

Again, even an agreement to share both profits and losses
does not always create a partnership.  I beg the court to
remember that there is no evidence whatever here, that the
parties in this case were to share losses equally.  The com-
plainant nowhere so testifies.  The transactions and conduct
of the parties show that no such thing was ever contemplated.
There could be no losses, except the absence of profits be so
called.  The agreement to share profits equally does not con-
stitute a partnership.  "Compensation of an employe meas-
ured by a portion of the profits does not make him a partner."
Miller v. Chandler, 29 La. Ann. 88; Chaffraix v. Price, Id.
476; Bell v. Hare, 12 Heisk. 615; Lindley on Partnership,
Vol. 1, Chap. 1, p. *11.

"In Meyer v. Sharpe, 5 Taunt. 74, the distinction between
an interest in profits and an interest in the goods by sale of
which these profits were to be produced, was held to be clear
and manifest."  See, too, Smith v. Watson, 2 B. & C. 401.

In Rawlinson v. Clarke, 15 M. & W. 292 a, in which a
surgeon and apothecary sold out his business, etc., and agreed
to remain a year for a moiety of the clear profits, it was held
no partnership.

Lindley further discusses, in chapter 1, p. *19, unconcluded
agreements and contemplated partnerships, and says, that "in
order that a partnership may result from any agreement, it
is necessary that the parties to the agreement shall have mut-
ually assented to the same propositions; otherwise there is
no contract at all, but merely a treaty from which each party
was at liberty to retire," and cites cases.  Also, "parties who
have agreed at some future time to become partners, can not
be considered as partners until that time arrives."

We claim this law is also applicable to this case upon the
testimony.  Further, that if parties agree to become partners
upon the signing of formal articles at some future time, they

do not become such until such articles are executed.    Lindley, Vol. 1, Chap. 1, p. *22.

In Cassidy v. Hall, 97 N. Y. 159; Richardson v. Hughitt, 76 N. Y. 55; Eager v. Crawford, Id. 97; Burnett v. Snyder, Id. 97, and Curry v. Fowler, 87 N. Y. 33, the Court of Appeals held that a person who is to receive a share of the profits as compensation for services, etc., is not a partner, and can not be so held by a creditor even.

In Sangston v. Hack, 52 Md. 173, " where a percentage of profits is adopted as a mode of measuring the amount of wages as salary of a clerk, the fact that it is contingent upon profits does not create a partnership."

Mr. F. W. Coombs, for appellee.

1st.    The question whether or not parties are partners in a given case, is to be determined as a matter of fact by the jury from all the facts and circumstances of the case.    Butler v. Finck, Supreme Ct. of N. Y. 1880; 9 S. C. Reporter, 752.

2d.    "The general rule remains beyond dispute that participation in profits of a business is, *prima facie*, strong evidence of a partnership in it."    In re Ward & Co., Bankrupts, 8 Reporter, 136.

3d.    A court of equity, the proper and only tribunal to meet and pass upon questions of the character involved in this case.    Bracken v. Kennedy, 3 Scam. 558.

4th.    A partnership is presumed to be dissolved from the time each partner, separately, is engaging in business, and acting for his sole account, and all partnerships are dissoluble by the mutual pleasure of the parties.    Story on Partnership, Sec. 272; Richardson v. Gregory, 126 Ill. 172 of opinion and cases there cited.

5th.    The neglect or refusal to carry on a copartnership is a dissolution.    Ligare v. Peacock, 109 Ill. 94.

6th.    The presumption is that partners are equally interested. Lockwood v. Doane, 107 Ill. 235; Roach v. Perry, 16 Ill. 37; Farr v. Johnson, 25 Ill. 430.

7th.    The intention of the parties, together with the facts, must, as between themselves, be decisive of the question

whether a partnership did or did not exist between them, and its extent. Lintner v. Millikin, 47 Ill. 178; Stephens v. Faucet, 24 Ill. 483.

8th. Books kept by the parties are evidence of the partnership. Stewart v. McKichan, 74 Ill. 122; Gregg v. Hord, 129 Ill. 613.

9th. Letters between the partners are evidence of the partnership. Ligare v. Peacock, 109 Ill. 94; 11 S. E. Reporter, 78; Bounaffe v. Fenner, C., S. & M. (Miss.) 252; 45 Am. Dec. 278.

10th. "Courts look at the substance, rather than the form of contracts, and seek for the real intention of the parties from a consideration of all parts of the contract. The intention thus ascertained is the essence of the contract, and to this legal effect is given." Smith et al. v. Riddell, 87 Ill. p. 169 of opinion.

11th. "The court had power to perform the duties ordinarily performed by its master, in stating the account between the parties." Montayne v. Hatch, etc., 34 Ill. pp. 394–5 of opinion.

12th. The fact that the partnership exists may be implied from circumstances. Kelleher v. Tisdale, 23 Ill. 354.

13th. When, by agreement, persons have a joint interest of the same nature in a particular adventure, they are, as between themselves, partners; although some contribute money alone, and others labor alone. Robbins v. Laswell, 27 Ill. 365.

WATERMAN, J. Appellee, at about that date, after some previous negotiations, received from appellant the following letters:

"CHICAGO, January 25, 1888.

H. H. DUERSELEN, Indianapolis, Ind.

*Dear Sir:* How would you like to take the store and conduct it in your name from the 1st of May? If you think favorably of taking charge, let me know.

Yours respectfully,

A. S. TRUMAN,

3640 State St."

"Chicago, January 25, 1888.

H. H. Duerselen, Esq., Indianapolis, Ind.

*Dear Sir:* The terms on which I will give you possession of the store shall be as an equal partner. I will give you choice of location. I want to take the store and push it to make money. Advertisement is the word of the day.

Yours respectfully,

A. S. Truman,

3640 State St."

Appellant was at this time the owner of a drug store in Chicago.

Appellee testifies that he wrote accepting the proposition; that Mr. Truman's stock and fixtures were put into the business. Their value after being moved was between $1,500 and $1,600. The drugs were worth over $1,000. After the refitting, painting, etc., of the new store, the stock and fixtures were worth about $2,500; that he never contributed a cent in money to the business, and has never paid a bill of the firm except out of the proceeds of the business, and has never been asked to.

That the value of the stock and fixtures when he quit was $2,500. Appellee stated a number of times that he was working on a share in the profits. Appellant testifies that the agreement was that appellee was to have one-half of the profits for his services; that he was to have no interest, only a working interest, and appellee does not deny that this was the agreement. It appears that from time to time appellee took small amounts of money from the business. After remaining together some time, the parties being unable longer to agree, separated, and appellee filed a bill for an accounting by appellant as a partner.

The decree finds that the net value of the assets of the firm June 18, 1888, was $2,432, and that one-half this, or $1,266, belongs to appellee, and directs appellant to pay him this sum.

Appellee claimed that he was the owner of one-half of the stock and fixtures, of the value, when he left, of $2,500. It did not appear that appellant had ever drawn anything from the business; he testified that he had not.

It does not appear that there ever were any profits; none seem to have been made; the value of the property of the firm was no greater when it dissolved than when it began, and no greater than the amount of capital contributed to the firm by appellant.

Appellee has proceeded, and the decree in this case is upon the theory that he, at once, upon the formation of the partnership, became the owner of one-half of the property of the firm, amounting in value to $2,500, although he had contributed not one penny toward the purchase or acquisition of such property. Such was not the agreement. The letters, taken in connection with the other evidence, do not establish such a partnership. Appellee was to be an equal partner in the profits. The agreement was for no definite time, and consequently might have been terminated by either party at any moment.

It is clearly not the case that had appellee, at the expiration of a week, concluded to no longer continue in business, or died at the end of seven days, either he or his estate could have maintained a claim to one-half of all the property of the firm, all of which had been contributed by the other partner.

Taking all the circumstances into consideration, the clear preponderance of the evidence is in favor of the testimony of Truman and Mrs. Wofinden, that the parties were merely to share the profits equally, and if the store proved a success then an agreement would be drawn up.

The allegation in the bill, filed by appellee, comes far short of positive charge of such a contribution of the stock to the firm as made appellee at once an owner of one-half thereof. The rules of pleading require that claims, to be maintained, be clearly stated.

The statement of the bill is that " in consideration of the undertaking of complainant to devote his time and skill in and about the conduct of said business, the said defendant undertook and promised and agreed, and did then and there place in the care, custody and control of your orator a certain stock of goods in said city, and as the capital stock of said partnership business, which then and there became and was

the partnership property of said complainant and defendant," all of which may be true, and yet the complainant not have become at once equitably an owner of one-half the stock put in said business. The bill charges that the losses and profits were to be equally shared, that upon a dissolution the assets were to be distributed according to the several rights of the partners, but nowhere alleges that at any time the complainant became equitably an owner of one-half the assets of said firm. Nor does appellee testify that when the stock and fixtures were put into the firm by appellant, he, appellee, became at once the equitable owner of one-half thereof.

Both parties seem to have given their time and attention to the business; the credit of the firm was obtained upon the strength of the connection of appellant therewith; the entire capital was advanced by appellant under, as clearly appears, an agreement that appellee was to have for his services one-half the profits. No profits were made. The breaking up of the firm and separation of the partners seem to have been by act and consent of each. Complainant has made no case for relief in a court of equity.

The decree of the court below is reversed and cause remanded with directions to dismiss the bill.

*Reversed with directions.*